**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4674**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM H. JOHNSON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Joseph Robert Goodwin, District Judge. (CR-04-42)

─────────────

Submitted: April 6, 2005                Decided: June 21, 2005

─────────────

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Lisa G. Johnston, Special Assistant United States Attorney, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Harold Johnson pled guilty to possession of a firearm by a convicted felon. The district court sentenced Johnson under the federal sentencing guidelines to eighteen months imprisonment. This sentence included an enhancement for possessing a stolen firearm. The facts underlying this enhancement were found by the district court by a preponderance of the evidence and were neither charged in the indictment nor admitted by Johnson at the guilty plea hearing.

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Johnson argues that his sentence is unconstitutional because it was based on facts that were neither charged in the indictment nor proven beyond a reasonable doubt. He made the same argument in the district court and was overruled based upon this court's ruling in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005). After Johnson's sentencing, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), and held that the federal sentencing guidelines scheme, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of its mandatory nature. Id. at 746, 750. The Court remedied the constitutional violation by making the guidelines advisory through

the removal of two statutory provisions that had rendered them mandatory. Id. at 746, 756-57.

In light of Booker, we find that the district court erred in sentencing Johnson under the mandatory guideline procedure.[1] See United States v. White, 405 F.3d 208 (4th Cir. 2005) (holding that imposition of a sentence under the mandatory guidelines regime is error). In addition, because the appropriate guideline range without the firearm enhancement would have permitted a lower sentence, we find that the error was not harmless. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) (holding that, on harmless error review, Government bears the burden of showing that the sentence on remand would not be less than that imposed). Therefore, we affirm Johnson's conviction, vacate his sentence and remand for proceedings consistent with Booker.[2] While we express

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Johnson's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2). Hughes, 401 F.3d at 546. The sentence must

no opinion on an appropriate sentence, we do note that, contrary to Johnson's argument on appeal, the district court retains the authority to sentence Johnson to a term of supervised release. We deny Johnson's motion to expedite as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

be within the statutorily prescribed range and reasonable. <u>Id.</u> at 547.